## Castle v. Commonwealth.

(Decided June 8, 1937.)

NAPIER & NAPIER, D. H. HALL and J. H. ASHER for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, Irvin Castle, shot and killed Cash Triplett in a hospital conducted by Dr. Walk Stumbo, in Knott county, close to the Floyd county line, on Sunday afternoon, November 16, 1936. He has been found guilty of voluntary manslaughter and sentenced to twenty-one years in prison.

The parties had been friends up to within a few moments of the homicide. According to disinterested witnesses, Castle apparently became enraged at Triplett because he could not find his overcoat and thought Triplett knew where it was. After shooting him twice and while he was in the act of falling or had fallen, Castle shot him two or three times more while he was begging for mercy. Triplett was not armed. According to the defendant and his witnesses, Triplett first assaulted or endeavored to shoot him. It is apparent that the defendant was intoxicated. Possibly both men were.

The Commonwealth offered to prove, in chief, by the sheriff that after his arrest the defendant stated to him in the presence of the county judge that he had fired three shots. The court sustained defendant's objections to this evidence. Upon what theory this competent evidence was excluded is not suggested. When testifying in his own behalf, the defendant stated he had shot four or five times, but he denied telling the sheriff and the county judge that he had fired three times. These men as witnesses in rebuttal were permitted to testify that the defendant had made such a statement. It is submitted as a ground for reversal that this was not competent rebuttal evidence under the rule that the Commonwealth is required to introduce all its evidence in chief before the defendant is called upon to present his side of the case. The testimony was competent in chief and also competent in contradiction. In view of the defendant's testimony that he had shot four or five times, it was immaterial. Having prevented its introduction at the proper time, it does not lie in the defendant's mouth to complain because it was then allowed.

Improper argument of the Commonwealth's attorney, Mr. O. C. Hall, is the other ground upon which a reversal is requested. Several of the statements about which complaint is made because not supported by the evidence we think were not improper when allowance is made for reasonable oratorical effect. There was nothing in the evidence, however, warranting the statements that the defendant had gone to a room and said, "Come over here Cash," and then killed him; or that he had said to him after having shot him, "You go to hell or wherever you want to go." In his address the attorney referred to the conviction of Beckham Napier and a verdict inflicting the death penalty upon him, and stated this was the first man to be tried since then. He urged the jury to return "a verdict with teeth in it the same as the jury that tried Beckham Napier." The court told the attorney not to refer to that as the judgment had not been affirmed. Ignoring the admonition, he again referred to that verdict and the court admonished the jury not to consider the statements. In overruling the defendant's motion to discharge the jury on account of improper argument at the conclusion of the address, the court gave an admonition that the argument of counsel was a part of the case so long as it was within the evidence and the jury should not consider anything not supported by the evidence.

The judgment in the Beckham Napier Case has been recently reversed (Napier v. Com., 268 Ky. 482, 105 S. W. (2d) 594) on the sole ground of grossly improper argument of this attorney. A zealous performance of official duty is always commendable. But, when zeal becomes passion, resulting in unfairness and offending legal ethics, it is condemnable. When persisted in, especially after being admonished, it is contemptuous. The court should have so ruled and penalized the contempt in this instance. However, since the verdict was only for manslaughter when the evidence justified a conviction of murder with severer punishment, it supports the presumption that the jury obeyed the court's direction not to consider the improper statements of the Commonwealth's Attorney. We are of opinion, therefore, that they were not prejudicial to the defendant's substantial rights.

The judgment is affirmed.